IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID W. TRIPP,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 1:CV-05-1227** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## M E M O R A N D U M

### I.   Introduction

Plaintiff, David W. Tripp, an inmate at the State Correctional Institution-Forest in Marienville, Pennsylvania, commenced this action *pro se* with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Defendants are: (1) Pennsylvania State Correctional Institutions at Camp Hill ("SCI-Camp Hill"), Chester ("SCI-Chester"), and Dallas ("SCI-Dallas"); (2) Commonwealth of Pennsylvania; (3) Pennsylvania Department of Corrections; and (4) SCI-Camp Hill dentist, Dr. Philps. Plaintiff claims that Defendants have been deliberately indifferent to his dental needs (provision of dentures and related dental care) in contravention of the Eighth Amendment proscription of cruel and unusual punishment.  Specifically, he claims that in 2001, Dr. Philps, in his official capacity as prison dentist at SCI-Camp Hill, pulled some of Plaintiff's top teeth, and since that procedure Plaintiff has not received

requested dentures, and he is suffering from chronic bleeding gums. Plaintiff seeks injunctive relief, directing Defendants to provide dentures and dental work, as well as monetary damages for "(2) two years of pain and suffering." (Doc. 1 at 4.) Presently pending is Defendants' motion to dismiss Plaintiff's Complaint. (Doc. 12.) The motion has been briefed and it is ripe for disposition. For the reasons set forth, Defendants' motion to dismiss Plaintiff's Complaint will be granted in part and denied in part.

**II.     Motion to Dismiss Standard**

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true. *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief. *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic"

documents. *See Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Guar. Corp. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 106 (3d Cir. 2002). Nevertheless, the Court is mindful that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. Discussion

#### A. Statute of Limitations

Defendants argue that Plaintiff's claims are barred by the applicable statute of limitations. In reviewing the applicability of the statute of limitations to an action filed pursuant to §1983, a federal court must apply the appropriate state statute of limitations that governs personal injury actions. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995); *Kingvision Pay-Per-View, Corp., Ltd. v. 898 Belmont, Inc.*, 366 F.3d 217, 220 (3d Cir. 2004). Pennsylvania's applicable personal injury statute of limitations is two years. *See* 42 Pa. Cons. Stat. § 5524(7); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993). The statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the

3

Section 1983 action." *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

Plaintiff's allegations of mistreatment by Defendants begin with his incarceration at SCI-Camp Hill in 2001. Nevertheless, Plaintiff's claims of neglect continue to the present time. "Till this day my food is still [tasting] like blood . . . from my top gums when eating." (Doc. 1 at 4.) "[W]hile eating, pain and bleeding caused by simple foods can be unbearable and this pain is caused by the [neglect] of the Dental Department." (Doc. 14 at 1.) "In most federal causes of action, when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period . . . ." *Brenner v. Local 514, United Bhd. of Carpenters and Joinders of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991). Therefore, since Plaintiff alleges a continuing violation of his Eighth Amendment rights, Defendants' argument that Plaintiff's claims are time-barred will be denied.

### B.  Eleventh Amendment Immunity

As the Complaint relates to Plaintiff's claim for monetary damages, Defendants argue that they are entitled to Eleventh Amendment immunity. To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a "person" acting under color of state law, and (2) that the conduct

deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Both elements must be present to sustain a § 1983 action. It is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to § 1983 suit. *Hafer v. Melo,* 502 U.S. 21, 25-27 (1991). In *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court reiterated its position that state agencies are not "persons" subject to financial liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." *Id.* at 71. "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

After *Will*, the Third Circuit held that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider:  (1) whether the state would be responsible for the payment of any judgment rendered against the agency; (2) the source of the agency's funding; and (3) the degree of autonomy enjoyed by the agency, as well as other similar factors. *Bolden v. Southeastern Pa. Transp. Auth.*, 953 F.2d 807, 818 (3d Cir. 1991).

The Commonwealth of Pennsylvania specifically enjoys the insulation of Eleventh Amendment immunity. Moreover, payment of any monetary judgment rendered against the Department of Corrections, an agency of the Commonwealth, and three state prisons, institutions within a the state agency (*See* 71 Pa. Cons. Stat. § 310-0) as well as the dentist in his official capacity, would have to be paid out of the Pennsylvania state treasury. Furthermore, these Defendants receive all of their funding from the state, and do not enjoy any measure of autonomy. Therefore, under *Will* and *Bolden*, Defendants are immune from Plaintiff's claims under the Eleventh Amendment.[1]

### C. Plaintiff's Claim For Injunctive Relief

Plaintiff also seeks injunctive relief in this action, to receive dentures and appropriate dental care. While Defendants are insulated against Plaintiff's claims for monetary damages, there is an exception to Eleventh Amendment immunity for purposes of injunctive relief. *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (stating that "suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law" constitute an exception to Eleventh Amendment immunity). Dr. Philps is a

---

[1] The court notes that there is nothing in Plaintiff's Complaint that indicates that Plaintiff intends to bring suit against Dr. Philps in his individual capacity.

individual state actor; thus, he is not shielded by Eleventh Amendment immunity for purposes of injunctive relief.  However, the remaining Defendants are not individual state actors and still retain Eleventh Amendment immunity.

*As* noted previously, to state a viable § 1983 claim, Plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Nicini*, 212 F.3d at 806.  The Constitutional issue implicated in this case is the Eighth Amendment requirement that prison officials provide adequate medical care to inmates, and make reasonable efforts to assure prisoner health and safety.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  That duty is violated when prison officials know of and disregard an excessive risk to inmate health or safety.  Id. at 837.  Not every illness or injury enjoys constitutional protection; only serious medical needs or injuries will give rise to constitutional scrutiny.  *Gerber v. Sweeney*, 292 F.Supp.2d 700, 706 (E.D. Pa. 2003).  A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention.  *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *McCabe Prison Health Services*, 117 F.Supp. 2d 443, 450 (E.D. Pa. 1997).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), as here, the prisoner/plaintiff claimed that inadequate medical treatment violated his Eighth Amendment protection from cruel and unusual punishment.  The Supreme Court acknowledged that the government has an obligation to provide medical care to its prisoners, but held that a constitutional violation does not occur unless the Plaintiff can show Defendants had a "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." *Id.* at 104 (citation omitted).

Plaintiff alleges that when he was incarcerated at SCI-Camp Hill in 2001, x-rays were taken of his mouth, and it was determined that "all the teeth were bad." (Doc. 1 at 3.)  Consequently, Dr. Philps removed the top teeth, and Plaintiff was subsequently transferred to SCI-Chester.  Plaintiff does not allege that there was anything improper about the removal of his teeth or the treatment provided by Dr. Philps.  Instead, Plaintiff seeks appropriate treatment to prevent his continual bleeding gums, and dentures to replace the extracted teeth.  Viewing Plaintiff's complaint liberally in the context of a motion to dismiss, the court cannot conclude that Plaintiff is receiving appropriate care for a serious medical need.  Consequently, Defendants' motion to dismiss Plaintiff's claim for injunctive relief against Dr. Philps will be denied.

**IV.    Conclusion**

Since Plaintiff implies that he has been denied proper dental treatment from Dr. Philps, Defendants' motion to dismiss will be denied as it relates to Plaintiff's claims against Dr. Philps for injunctive relief.  However, since the remaining Defendants enjoy the insulation of Eleventh Amendment immunity their motion to dismiss will be granted.  Additionally, Plaintiff's claims for monetary damages against Dr. Philps will also be dismissed under the principle of Eleventh Amendment immunity.

        s/Sylvia H. Rambo  
        SYLVIA H. RAMBO  
        United States District Judge

Dated:  November 22, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID W. TRIPP,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 1:CV-05-1227** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** *et al.***,** | : | |
| | : | |
| **Defendants.** | : | |

## **O R D E R**

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) Defendants' motion to dismiss (Doc. 12) Plaintiff's claims for injunctive relief against Dr. Philps is **DENIED**. Defendants' motion to dismiss Plaintiff's claims for monetary damages against Dr. Philps is **GRANTED**. Defendants' motion to dismiss the remaining Defendants (Commonwealth of Pennsylvania, SCI-Camp Hill, SCI-Chester, SCI-Dallas, and Pennsylvania Department of Corrections) is **GRANTED**.

2) Dr. Philps is directed to answer the allegations in Plaintiff's Complaint with respect to his claims for injunctive relief within twenty (20) days from the date of this order.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: November 22, 2005.