IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID W. TRIPP,** : | |
| : | |
| **Plaintiff,** : | CIVIL NO. 1:CV-05-1227 |
| : | |
| v. : | (Judge Rambo) |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** *et al.*, : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM**

**I.     Introduction**

Plaintiff, David W. Tripp, an inmate at the State Correctional Institution-Forest in Marienville, Pennsylvania, commenced this action *pro se* by filing a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  The only remaining[1] Defendant is Dr. Philps.  Plaintiff claims that Defendant has been deliberately indifferent to his dental needs (provision of dentures and related dental

---

[1] Although the complaint also named (1) Pennsylvania State Correctional Institutions at Camp Hill, Chester, and Dallas, the Commonwealth of Pennsylvania, and the Pennsylvania Department of Corrections as Defendants, these Defendants were terminated from the action by Order dated November 22, 2005 (Doc. 18).

care) in contravention of the Eighth Amendment proscription of cruel and unusual punishment. Specifically, he claims that in 2001, Dr. Philps, in his official capacity as prison dentist at SCI-Camp Hill, pulled some of Plaintiff's top teeth, and since that procedure Plaintiff has not received requested dentures, and he is suffering from chronic bleeding gums.

Presently before the court is the Defendant's motion for summary judgment (Doc. 30). A brief in support of the motion, a statement of material facts, and exhibits were timely filed. Although Plaintiff's brief in opposition to the motion and counter-statement of facts are now long overdue, he has neither made an appropriate filing nor requested an extension of time in which to do so.

A dispositive motion generally may not be granted merely because it is unopposed. Since Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," *Anchorage Assoc. v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis.

Based on his failure to take any action in response to the summary judgment motion, it would appear that Plaintiff may have abandoned interest in pursuing this matter. However, the court will grant additional time for the Plaintiff to respond to the motion and direct him to file a brief in opposition, a counter-statement of facts,

2

and any exhibits within twenty (20) days.  If Plaintiff fails to oppose the motion or otherwise communicate with the court within twenty (20) days of the date of this order, the court may consider dismissing this case for failure to prosecute and failure to comply with a court order under Fed. R. Civ. P. 41(b).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** Plaintiff shall file a brief in opposition to Defendants' motion, a counter-statement of facts, and exhibits within twenty (20) days of the date of this order.  If Plaintiff fails to timely oppose the motion or otherwise communicate with the court the court will dismiss the case for failure to prosecute and failure to comply with a court order under Fed. R. Civ. P. 41(b).

        s/Sylvia H. Rambo
        Sylvia H. Rambo
        United States District Judge

Dated: October 10, 2006.