IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID W. TRIPP,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:CV-05-1227 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### I.   Background

Plaintiff, David W. Tripp, an inmate at the State Correctional Institution at Camp Hill, Pennsylvania, commenced this action *pro se* by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983.  The only remaining[1] Defendant is Dr. Philips.  Plaintiff claims that Defendant has been deliberately indifferent to his dental needs (provision of dentures and related dental care) in contravention of the Eighth Amendment proscription of cruel and unusual punishment.  Specifically, he claims that in 2001, Dr. Philips, in his official capacity

---

[1] Although the complaint named Pennsylvania State Correctional Institutions at Camp Hill, Chester, and Dallas, the Commonwealth of Pennsylvania, and the Pennsylvania Department of Corrections, as Defendants, these Defendants were terminated from the action by Order dated November 22, 2005 (Doc. 18).

as prison dentist at SCI-Camp Hill, pulled some of Plaintiff's top teeth, and since that procedure Plaintiff has not received requested dentures,[2] and he is suffering from chronic bleeding gums. Defendant's motion for summary judgment (Doc. 30) is pending. A brief in support of the motion, with exhibits (Doc. 36), and a statement of material facts (Doc. 35) were timely filed. Plaintiff failed to respond within the time permitted under the Middle District of Pennsylvania Local Rules of Court. Thus, by order dated October 10, 2006 (Doc. 39), the court directed Plaintiff to file a counter-statement of facts, exhibits, and a brief in opposition to the motion within twenty (20) days of the order.

By undated correspondence entered in the docket on November 1, 2006 (Doc. 41), Plaintiff notified the court that he would not be filing a brief in opposition to Defendant's motion. However, in the same undated correspondence Plaintiff requested an extension of time to file a response to Defendant's motion for summary judgment if the court would appoint counsel for him. Consequently, Plaintiff's correspondence will be construed as a motion for appointment of counsel, and for the reasons that follow, the motion will be denied.

---

[2] By undated correspondence entered in the docket on November 1, 2006 (Doc. 41), Plaintiff notified the court that he has now received dentures.

**II.     Discussion**

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1).  *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *see also Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  In *Tabron*, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants.  As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law.  *Tabron,* 6 F.3d at 155.

If a claimant overcomes this threshold hurdle, the Third Circuit Court of Appeals identified a number of factors that a court should consider when assessing a claimant's request for counsel.  These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses.  *Id.* at 155-57.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for

3

example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Plaintiff fails to set forth sufficient circumstances to warrant appointment of counsel.  Assuming, solely for the purpose of deciding this motion, that Plaintiff's complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments.  Plaintiff has set forth his complaint in legibly written, understandable paragraphs.  The legal issues are relatively uncomplicated, expert witnesses and extensive investigation do not appear to be required, and the court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own.  Therefore, Plaintiff's motion for appointment of counsel will be denied.

Nevertheless, the court will grant Plaintiff's request for an enlargement of time to comply with the court's order dated October 10, 2006 (Doc. 39).

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT:**

1)  Plaintiff's undated correspondence entered in the docket on November 1, 2006 (Doc. 41) is construed as a motion for appointment of counsel, and the motion is **DENIED**; and

      2) Within ten (10) days from the date of this order, Plaintiff shall comply with the court's order dated October 10, 2006 (Doc. 39).

                                              s/Sylvia H. Rambo
                                              Sylvia H. Rambo
                                              United States District Judge

Dated: December 4, 2006.