IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID W. TRIPP,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:05-CV-1227** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** *et al.*, | : | |
| | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M  &  O R D E R

Plaintiff, David W. Tripp, an inmate at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Pennsylvania, commenced this action *pro se* by filing a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. The only remaining[1] Defendant is Dr. Philips. Plaintiff claims that Defendant has been deliberately indifferent to his dental needs (provision of dentures and related dental care) in contravention of the Eighth Amendment proscription of cruel and unusual punishment. Specifically, he claims that in 2001, Dr. Philips, in his official capacity as prison dentist at SCI-Camp Hill, pulled some of Plaintiff's top teeth. Since that

---

[1] Although the complaint named Pennsylvania State Correctional Institutions at Camp Hill, Chester, and Dallas, the Commonwealth of Pennsylvania, and the Pennsylvania Department of Corrections, as Defendants, these Defendants were terminated from the action by Order dated November 22, 2005 (Doc. 18).

procedure Plaintiff has not received requested dentures,[2] and he is suffering from chronic bleeding gums.

Presently before the court is Defendant's motion for summary judgment (Doc. 30). A brief in support of the motion, with exhibits (Doc. 36), and a statement of material facts (Doc. 35) were timely filed. Plaintiff failed to respond to the motion, the statement of material facts, and the supporting brief within the time permitted under the Middle District of Pennsylvania Local Rules of Court. Thus, by order dated October 10, 2006 (Doc. 39), the court directed Plaintiff to file a counter-statement of facts, exhibits, and a brief in opposition to the motion. The filing deadline for the required documents was later extended by the court (Doc. 44). Plaintiff has failed to file the documents within the time permitted by the court. Accordingly, the court will deem Defendant's motion unopposed and will address the merits of Defendant's statute of limitations claim.[3]

In reviewing the applicability of the statute of limitations to an action filed pursuant to §1983, a federal court must apply the appropriate state statute of

---

[2]By undated correspondence entered in the docket on November 1, 2006 (Doc. 41), Plaintiff notified the court that he has now received his dentures.

[3]In light of the court's disposition of the instant motion, the court will not address the merits of Defendant's claims that: (1) Plaintiff failed to exhaust his available administrative remedies; (2) Plaintiff's claim for injunctive relief is now moot; and (3) Plaintiff has failed to demonstrate deliberate indifference to a serious medical need.

limitations which governs personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  Pennsylvania's applicable statute of limitations is two years.  *See* 42 Pa. Cons. Stat. Ann. § 5524(7).  The statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action."  *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).  Plaintiff alleges that Dr. Philips pulled his teeth in 2001,[4] and a review of the record supports a conclusion that Plaintiff was last treated by Defendant on July 14, 2002 (Def.'s Ex .3 ¶¶ 23-25.)  The instant complaint was not filed until June 20, 2005, well beyond the expiration of the two-year period.  Because instant complaint was untimely filed, the Court will grant the Defendant's unopposed motion for summary judgment.

> Accordingly, **IT IS HEREBY ORDERED THAT:**
>
> 1)  Defendant's unopposed motion for summary judgment (Doc. 30) is **GRANTED**.
>
> 2) The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff.
>
> 3) The Clerk of Court is directed to close this file.

---

[4]The record shows that Plaintiff was first treated by Defendant in 2002.  (Def.'s Ex. 3 ¶ 16.)

    4) Any appeal from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                            s/Sylvia H. Rambo
                                            Sylvia H. Rambo
                                            United States District Judge

Dated: January 17, 2007.